# CIRCUIT COURT OF THE CITY OF RICHMOND

Cheryl Johnson

v.

GEICO

March 23, 2015

Case No. CL14-2687

By Judge Clarence N. Jenkins, Jr.

On March 17, 2015, Plaintiff and Defendant appeared, by counsel, before this Court on Defendant's Motion To Dismiss and Plaintiff's Motion To Amend Complaint.

Defendant moved this Court to dismiss the Complaint because the warrant in debt filed in the City of Richmond General District Court named GEICO as the party-defendant rather than "John Doe." Defendant argued naming GEICO rather than "John Doe" as a party-defendant resulted in a misjoinder. As such, Defendant argued the statute of limitations expired for any "John Doe" action. Notably, there was no dispute concerning the applicable dates in this matter.

Plaintiff argued the inadvertent insertion of GEICO as party-defendant constituted a misnomer and as a result, this Court should permit Plaintiff to amend the Complaint to reflect "John Doe" as the named party-defendant. Moreover, Plaintiff argued her cover letter to the Court and GEICO styled this matter as "Cheryl Johnson v. John Doe." Additionally, Plaintiff presented a bill of particulars filed in a companion case in the City of Richmond General District Court. The bill of particulars clearly supported a "John Doe" action and that action was defended by GEICO. Therefore, Plaintiff argued she properly placed Defendant on notice of her claim.

Additionally, Plaintiff requested this Court permit her to amend her *ad damnum*.

Upon consideration of all filings, oral argument, and evidence presented at the hearing, this Court finds Defendant GEICO was properly placed on notice of the nature of the action in this matter. The warrant in debt identified the claim as a "personal injury" action. Moreover, the cover letter received

by GEICO clearly identified this action as a "John Doe" action. Lastly, the bill of particulars in the companion case supports Plaintiff's contention that GEICO was notified of this action.

Pursuant to Rule 1:8 of the Rules of the Supreme Court of Virginia, leave to amend shall be liberally granted in furtherance of the ends of justice. As such, taking the totality of facts in this case, this Court finds Rule 1:8 requires this Court grant leave to amend Plaintiff's Complaint. Therefore, this Court grants Plaintiff leave to amend her Complaint to substitute "John Doe" as the named-defendant and denies Defendant's Motion To Dismiss.

This Court denies Plaintiff's Motion To Amend to increase the *ad damnum*. As such, Plaintiff's *ad damnum* remains $25,000.00.